**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **AWGI, LLC and ATLAS VAN LINES, INC.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **ATLAS MOVER GROUP LLC, and UNITED BEST MOVING LLC,** <br><br> **Defendants.** | **Case No.:** 3:24-cv-116 |

**VERIFIED COMPLAINT**

INJUNCTIVE RELIEF SOUGHT

AWGI, LLC (hereinafter referred to as "AWGI," and/or "Plaintiff") and Atlas Van Lines, Inc. (hereinafter referred to as "Atlas" and/or "Plaintiff") for their Complaint against the Defendants, Atlas Mover Group LLC (hereinafter referred to as "AMG") and United Best Moving LLC (hereinafter referred to as "UBM") (hereinafter collectively referred to as "Defendants") allege and state:

**I.     Nature of the action**

1.     In 1948, a group of 33 entrepreneurs in the moving and storage industry formed an alliance. They would help one another build their businesses by better serving customers. They envisioned a cooperative from coast to coast, owned by themselves, doing business according to the golden rule. They began transporting goods under the name "Atlas".

2.     Over the past seventy-six (76) years, "Atlas" has become an international brand, providing comprehensive global goods and services to people and businesses who seek assistance in moving and storage. The Atlas family of companies includes more than 430 independent Atlas

agencies across the U.S. and Canada, plus authorized partners in 140 countries, which work in concert to bring reliable, worry-free service to customers every day.

3. In 2009, Atlas became among the first in the industry to receive the ProMover® designation, a quality credential of the American Moving and Storage Association. Atlas enjoys an A+ rating from the Better Business Bureau and encourages outstanding efforts by its many agents by conferring awards to Atlas agencies who exceed Atlas standards for service excellence.

4. Atlas strives to help make the world a better place by offering its Sustainable Agent Certification to agents who reduce waste, recycle, and invest in "green" facilities. In the past, Atlas has partnered with Move For Hunger, a non-profit organization that fights nationwide hunger. Currently, Atlas supports the Wounded Warriors Project to provide programs and services that give warriors access to mental and physical health support, employment and education assistance, and the many other services that the Wounded Warriors Project provides to its warriors, free of charge, local Junior Achievement events, raises funds and provides donations and mentoring to Cedar Hall Elementary School, a local school serving underprivileged children, and many other community and national organizations. The company has been recognized by the Southwest Indiana Chamber, the Tri-State Better Business Bureau, United Way of Southwestern Indiana, Move for Hunger, Cartus and more for its community support and engagement.

5. As a result of Plaintiffs' efforts, Plaintiffs have achieved substantial goodwill in its trademarks and service marks, as well as commercial success, recognition and acceptance.

6. AWGI's catalog of trademarks and service marks, some of which have become incontestable and famous, are of a value to Atlas and AWGI which cannot be estimated.

7. ATLAS-branded websites owned and operated by the Plaintiffs have had more than 9 million (9,000,000) sessions opened by internet users between 2013 and 2023.

8. Online advertising by Plaintiffs on Google, Microsoft Bing, Reddit, Instagram, and Facebook resulted in over 26.6 million (26,600,000) commercial impressions between April 1, 2021 and March 31, 2023.

9. Plaintiffs have issued over three hundred thousand (300,000) sales collateral pieces since 2007.

10. Plaintiffs also regularly attend industry trade shows having attendance between 2,000 and 20,000.

11. As a result of this level of advertising, marketing and commercial success, the Atlas Marks and the goodwill of the business associated therewith are of a value to AWGI and Atlas which cannot be estimated.

12. Plaintiffs' have extensively advertised its services under the Atlas Marks. Plaintiffs have spent over twenty-eight million dollars ($28,000,000.00) in advertising the Atlas Marks since 2006 which has generated over fourteen billion dollars ($14,000,000,000) in total revenue.

13. AMG holds itself out to the public as offering moving and storage services across the United States with satellite locations in Washington, Texas and Colorado.

14. The Defendant, recognizing the significant goodwill and impeccable reputation associated with Atlas and its licensed agents, decided to offer its services to the public under the corporate name of Atlas Mover Group LLC. The Defendant has incorporated the "Atlas" mark into its advertising and marketing materials in hopes of associating their business activities with Plaintiffs' goodwill and reputation.

## II.     Parties and Jurisdiction

15. Plaintiff AWGI is a limited liability company organized under the laws of the state of Delaware, with its principal place of business in Evansville, Indiana.

16. Plaintiff Atlas is a Delaware corporation, with its principal place of business in Evansville, Indiana.

17. Defendant Atlas Mover Group LLC is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 3312 Northside Dr, Suite D, Macon, GA, 31210.

18. Defendant Atlas Mover Group LLC is registered with the United States Department of Transportation and bears registration number 4086604 and MC number MC-1555864.

19. Defendant United Best Moving LLC is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 25 Den Ric Court, McDonough, GA, 30253.

20. Defendant United Best Moving LLC is registered with the United States Department of Transportation and bears registration number 3442313[1] and MC number MC-1118332.

21. This action arises under the trademark laws of the United States and the laws of unfair competition. It is brought pursuant to the Lanham Act, 15 U.S.C. §1501, *et seq.*, and the common law.

22. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and 1367.

23. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and injury giving rise to the claims have occurred in this district.

---

[1] Defendant United Best Moving LLC's DOT No. 3442313 appears in the footer of Defendant Atlas Mover Group LLC's website, www.atlasmovergroup.com. Screenshots of the website and United Best Moving LLC's SAFER Company listing attached hereto as Exhibit A.

**III.** **Plaintiffs' Marks**

24. Since at least 1948, Plaintiff Atlas has offered services to the public involving the transportation and storage of goods.

25. On November 9, 2009, Plaintiff Atlas and Atlas Investment Company, Inc. assigned all their right, title and interest in their trademark and service mark registrations to Plaintiff AWGI via instrument numbers 900148744A, 900148730A, 900148741A, 900148739A, and 900148743A.

26. Relevant to the Defendant's infringement, AWGI is the owner of the following registered trademark and service marks (the "Atlas Marks"):

| Mark | Registration No. | Services |
|---|---|---|
| ATLAS | 3,718,117 | IC 039: Freight forwarding services; Transportation of household goods of others |
| ATLAS | 4,229,378 | IC 039: Storage of goods of others |

27. Plaintiffs offer, among many other services, services in the field of transportation of household goods for others.

28. The Atlas Marks are incontestable and considered famous.

29. Plaintiff Atlas continues to enjoy a license to the Atlas Marks.

30. The connection between the Atlas Marks and Plaintiff Atlas has been strengthened in the public mind because of decades of extensive use, promotion, advertising and community involvement by Atlas.

31. As a result of the high quality of the goods and services provided by Atlas and as a result of the extensive promotion of that business, substantial goodwill has been developed in the Atlas Marks.

32.     Atlas has used the Atlas Marks in interstate commerce throughout the United States prior to the Defendant's acts complained of in this Complaint.

33.     The Atlas Marks are licensed by Plaintiffs to over 300 agents throughout the United States.

34.     As a result of the longstanding offering of goods and services in the transportation industry, as well as the use of the Atlas Marks in connection with the offering of such goods and services, Atlas' brand of goods and services has earned commercial success, recognition and acceptance.

35.     The Atlas Marks and the goodwill of the business associated therewith are of a value to AWGI and Atlas which cannot be estimated.

### IV.     Defendant's Infringement

36.     Defendant AMG advertises its services by, among other things, publishing a website located at www.atlasmovergroup.com (the "AMG Website").  (See, Exhibit B). The website displays several uses of the term "Atlas" as well as a stylized logo which uses the "Atlas" word mark, as seen below (the "Infringing Mark"):



37.     Metatags on the webpage confusingly list "Atlas." The main content of the offending webpage offers household goods moving services and storage services. Additionally, webpages located at the URLs http://www.atlasmovergroup.com/local-moving.php, http://www.atlasmovergroup.com/long-distance-moving.php, http://www.atlasmovergroup.com/full-service-moving.php, and

http://www.atlasmovergroup.com/storage-service.php provide additional instances of the confusingly similar mark being used in conjunction with household moving and storage services.

38. Due to the similarity between www.atlasmovergroup.com and www.atlasvanlines.com, the offending domain name is likely to, to cause mistake, and to deceive as to the affiliation, connections, or association of AMG with Plaintiffs AWGI.

39. The content of the website of the offending domain and the offending use of Plaintiffs' marks has caused actual confusion between AMG and AWGI, as shown in the attached emails involving multiple customers of AMG that believed they had hired AWGI. (See Exhibit C-Exhibit G).

40. The AMG Website expressly makes the following claims:

    a. "Atlas Mover Group, a properly licensed moving broker, has been moving both residential and commercial customers across the United States. With just a few steps, you are already in your new home across the state or country. Load your items into a ReloCube or moving trailer and they will transport you safely to your destination. Long distance moves cannot be as easy as moving with Atlas Mover Group. The company combines the ease of full moving service with an affordable truck rental to offer one of the cheapest long distance moving alternatives to their consumers."

    b. "Atlas Mover Group goes the extra mile when it comes to facilitating long distance moving. We provide long distance moving solutions that work for both your bottom line and meet all of your moving needs. Some long distance moves require more strategic planning than others, but whether it is around the block or three time zones away our team of specialists work

     closely with you so that your move is completed safely, secure, and on time."

 c. "Smooth & Stress-Free Nationwide Moving Company"

 d. "We strive to be the most honest moving company around. What makes us different is our people. We are professional and strive to make your move easy and stress free. Relax... We got this!"

 e. "We are professionals who are dedicated to customer satisfaction and focused on developing and nurturing our client relationships. We are in this with you for the long haul."

 f. "We are your trusted and reliable Long distance moving company. Licensed, Insured and fully bonded moving broker!"

 g. "At Atlas Mover Group, We specialize in carefully packing your belongings and getting them where they need to be."

41. Defendants' intent is clearly to misleadingly divert consumers utilizing Plaintiffs' marks and trade on its goodwill and reputation.

42. Defendants have no legitimate noncommercial or fair use for the atlasmovergroup.com domain. Defendants' use is to confuse customers and prospective customers of Defendants who show initial confusion in mistakenly going to Defendant's website.

43. Upon initially discovering the infringement, AWGI sent AMG a cease and desist letter on February 1, 2024.  (See, Exhibit H).

44. Upon information and belief, Defendants' services offered under the Atlas Marks are inferior to those offered by Plaintiffs and continue to damage and dilute the goodwill Plaintiffs have developed in connection with offering legitimate services under the Atlas Marks.

45. By using the infringing marks and offering services identical to those offered by Plaintiffs thereunder, Defendants have caused and continue to cause mistake, or to deceive the consuming public as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendants' services.

46. Defendants, upon information and belief and with full knowledge of the notoriety of the Atlas Marks, intended to, and did, trade on the goodwill associated with Plaintiffs, and have misled and will continue to confuse, deceive, and mislead the public in this regard.

## COUNT I
### Trademark Infringement of the '117 Mark Under 15 U.S.C. §1125(a)(1)

47. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-46.

48. The Defendants' use of the mark "Atlas" in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the "Atlas" service mark, Reg. No. 3,718,117.

49. The Defendants' use of the mark "Atlas" implies an affiliation with the Plaintiffs which does not exist and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

50. The Defendants' use of the mark "Atlas" violates Section 43(a) of the Lanham Act, 15. U.S.C §1125(a)(1). Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c). Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

## COUNT II
### Trademark Infringement of the '378 Mark Under 15 U.S.C. §1125(a)(1)

51. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-46.

52. The Defendants' use of the mark "Atlas" in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers in relation to the "Atlas" service mark, Reg. No. 4,229,378.

53. The Defendants' use of the mark "Atlas" implies an affiliation with the Plaintiffs which does not exist and is likely to cause confusion as to the source, sponsorship, origin, or approval of the Defendants' services.

54. The Defendants' use of the mark "Atlas" violates Section 43(a) of the Lanham Act, 15. U.S.C §1125(a)(1). Plaintiffs are entitled to, among other relief, Defendants' profits, treble and statutory damages under 15 U.S.C. §§1117(a)-(c). Furthermore, Plaintiffs are entitled to an award of reasonable attorneys' fees as this case is exceptional.

## COUNT III
### Common Law Unfair Competition

55. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-46.

56. The Defendants' use of the word mark "Atlas" in connection with the sale, offering for sale, distribution, and advertising of their services is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, sponsorship, origin, or approval of the Defendants' services.

57. The Defendants' use of the word mark "Atlas" constitutes common law unfair competition. As a result of such violation, the Defendants have caused damage to the Plaintiffs, and Plaintiffs are entitled to all proper relief.

## COUNT IV
### Violation of the Federal Anticybersquatting Consumer Protection Act

58. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1-46.

59. Plaintiffs have owned and operated the domain, www.atlasvanlines.com, since May 19, 1995 and have done so continuously for nearly 30 years.

60. The Defendants' use of the substantially similar domain, www.atlasmovergroup.com (the "Domain"), constitutes registration, trafficking, and/or use of a domain name that is confusing, wrongful, and with bad faith intent to profit therefrom and/or harm Plaintiffs.

61. The Defendants have no legal trademark rights in the Domain and, on information and belief, utilize the subject Domain in connection with the sale, offering for sale, distribution, and advertising of their services.

62. As a result of Defendants' improper conversion, registration and control of the Domain, the Plaintiffs have incurred damages, and shall continue to suffer damages including loss of revenue, loss of business, loss of business opportunities, and loss of the significant value of the Domain itself unless enjoined.

63. The above-described conduct of Defendant constitutes unlawful cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

64. In addition to actual and compensatory damages, the Plaintiffs are entitled to the maximum statutory damages pursuant to 15 U.S.C § 1117(d).

65. Plaintiffs request that, pursuant to 15 U.S.C. § 1125, the Court Order the ownership of the Domain be transferred to AWGI, the rightful owner of the Domain.

66. Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to an award of its reasonable attorney's fees and costs.

67. The actions of Defendants are knowing, willful and malicious, thus making this case an exception within the meaning of 15 U.S.C. § 1117.

68. For the foregoing reasons, pursuant to 15 U.S.C. § 1125(d)(2)(D)(I), the Plaintiffs are entitled to an order transferring the registration of the Domain to Plaintiff's ownership and account.

## IV. Prayer For Relief

**WHEREFORE**, AWGI, LLC and Atlas Van Lines, Inc. pray that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A. A preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   a. from causing likelihood of confusion, or causing mistake, or to deceive as to affiliation, connection, or association of Defendants with Plaintiffs of the Atlas Marks, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities, or causing injury to business reputation, or dilution of the distinctiveness of the Atlas Marks, or Plaintiffs' forms of advertisement;

   b. from directly or indirectly falsely designating or representing that any goods or services are authorized, approved, associated with, or originating from, Plaintiffs;

   c. from directly or indirectly using the "Atlas" mark or any confusingly similar variants, iterations, or forms thereof, which is likely to cause confusion or further irreparable harm to Plaintiffs' business reputation or goodwill;

   d. from utilizing the "Atlas" mark or any confusingly similar variant in any shape or manner;

12

e. from publishing, assembling, marketing, distributing, or otherwise utilizing any literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the "Atlas" mark or any confusingly similar variant, and from otherwise unfairly competing in any way with Plaintiffs;

f. to destroy or cause to be destroyed all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the "Atlas" mark or any confusingly similar variant;

g. to notify their direct customers, agents, and representatives that the "Atlas" mark or any confusingly similar variant are not connected with Plaintiffs;

h. to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court, propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

and for:

B. Restitution and disgorgement;

C. Damages, including but not limited to statutory and treble damages, in an amount to be determined at trial;

D. The Defendants' profits from sales derived during all periods of wrongful use of the Atlas Marks;

E. Punitive damages;

F. Attorneys' fees pursuant to statute;

G. The transfer to Plaintiffs' of any and all internet domains and social media accounts incorporating Plaintiffs' marks; and

H. Such other interlocutory and permanent relief as this court may deem appropriate.

Dated: July 15, 2024

*/s/ Mark F. Warzecha*
Mark F. Warzecha, Esq.
Indiana Bar No. 23433-82
Florida Bar No. 095779
**WIDERMAN MALEK, PL**
1990 W. New Haven Ave. Suite 201
Melbourne, Florida 32904
Telephone: 321-255-2332
Facsimile: 321-255-2351
MFW@USLegalTeam.com
**Attorney for Plaintiffs**

## VERIFICATION

I, Stacie Banks, certify:

1. I am the Manager of the Plaintiff, AWGI, LLC.

2. I have read the Verified Complaint and any attachments hereto, and to the best of my knowledge, information and belief, the allegations contained in the Verified Complaint are true and accurate.

_____
for AWGI, LLC

Dated:_____

## **VERIFICATION**

I, Stacie Banks, certify:

1. I am the Senior Vice President and Chief Financial Officer of the Plaintiff, Atlas Van Lines, Inc.

2. I have read the Verified Complaint and any attachments hereto, and to the best of my knowledge, information and belief, the allegations contained in the Verified Complaint are true and accurate.

_____
for Atlas Van Lines, Inc.

Dated:_____

## **INDEX OF EXHIBITS**

A. Screenshots of Atlas Mover Group LLC's website and United Best Moving LLC's SAFER Company listing

B. Screenshots of www.atlasmovergroup.com

C. Email from Calvin Goins, customer of Atlas Mover Group LLC

D. Email from Plaintiffs to their counsel of record regarding a customer of Atlas Mover Group LLC

E. Email from Diane Yates, customer of Atlas Mover Group LLC

F. Email from Plaintiffs to their counsel of record regarding Chris Graillat, a customer of Atlas Mover Group LLC

G. Email from Adwoa Dadzie, customer of Atlas Mover Group LLC

H. Cease and Desist letter dated February 1, 2024